

SEP 11 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CHRISTOPHER L. EARLY, individually ) <br> and on behalf of all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> BEST BUY CO., INC., ) <br> a Minnesota Corporation, ) <br> ) <br> Defendant. ) | Civil Action No. 3:15cv549 <br><br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, Christopher L. Early ("Plaintiff"), individually and on behalf of all other persons similarly situated in the United States of America, and a subclass of consumers residing in the Commonwealth of Virginia, by counsel, states as follows for his Class Action Complaint against Best Buy Co., Inc. ("Best Buy" or "Defendant"):

### I. NATURE OF THE ACTION

1. Plaintiff brings this action individually and on behalf of the proposed classes of similarly situated persons, to redress Best Buy's wrongful conduct in the sale of Electrolux vacuum cleaners, Model EL4071A. Best Buy's advertising campaign preys on the growing consumer interest in household products that improve indoor air quality and remove harmful allergens from the air consumers breathe in their homes. As detailed in this Complaint, Best Buy makes explicit, unambiguous representations in various advertisements and in-store signage that, among other things, assert that specific Electrolux vacuum cleaners for sale were equipped with HEPA filters that would capture dust, pet dander, mold, and pollen and prevent their escape back

1

into the air. In short, Best Buy knowingly and intentionally misrepresented to consumers the air filtration performance of certain Electrolux vacuums, as well as the health benefits resulting from use of those vacuums.

2. "HEPA" means "high-efficiency particulate arrestance" and is used to describe specific types of air filters and air filtration systems. It is also a term that Best Buy uses in its vacuum cleaner advertisements. HEPA filters must meet certain standards of efficiency to qualify as a HEPA filter. In general, a HEPA filtration system must trap (from the air that passes through) at least 99.97% of dust and other particles that are 0.3 microns (μm) in size. Vacuum cleaners providing HEPA filtration performance minimize the number of allergens such as household dust particles picked up by the vacuum cleaner from circulating back into the air of the room through the vacuum's exhaust while the vacuum is in operation. Thus, a HEPA-equipped vacuum cleaner can benefit consumers who suffer from asthma and allergies or other respiratory difficulties by significantly limiting the amount of potentially harmful allergen particles that the vacuum emits into the air while it is running. Filters meeting the HEPA standard are superior filtration devices and have many applications, including their use in medical facilities, automobiles, aircraft and homes.

3. At the time of these false advertisements and when contracting with consumers to sell the vacuum cleaners, Best Buy knew or should have known that the Electrolux vacuum cleaner Model EL4071A was equipped with a filter described by Electrolux as an "allergen" filter and *not* a HEPA filtration system. The Electrolux allergen filtration system in this model of vacuum cleaner does not meet the standards of efficiency for a HEPA filter in a vacuum cleaner and is a substantially inferior filtration system.

2

4. Medical professionals recommend HEPA filtered vacuum cleaners for persons suffering allergies and asthma. Since the Electrolux Model EL4071A vacuum is equipped with an allergen filter that does not meet the efficiency standards for a HEPA filter, the Electrolux Model EL4071A is not recommended for allergy and asthma sufferers by its manufacturer.

5. Notwithstanding the material differences between a HEPA vacuum cleaner filter and a non-HEPA vacuum cleaner filter, Best Buy deliberately and willfully misrepresented in advertising and selling the Electrolux Model EL4071A vacuum cleaner to consumers that such vacuums provided HEPA air filtration performance when, in fact, they did not. These false advertisements included product descriptions and specifications that appeared on Best Buy's website accessible to consumers throughout the United States. Plaintiff and others similarly situated who purchased the Electrolux Model EL4071A vacuum cleaners from Best Buy have been deliberately harmed by Best Buy's false advertisements and wrongful conduct. Plaintiff and others similarly situated were led to believe that if they purchased and used an Electrolux vacuum cleaner, Model EL4071A, that they would be using a vacuum cleaner with a filter that would be beneficial to their health.

## II. JURISDICTION AND VENUE

6. Original jurisdiction of this case exists by virtue of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The Plaintiff and the Defendant are citizens of different states and the amount in controversy in this action exceeds five million dollars ($5,000,000.00) exclusive of interest and costs. Alternatively, original jurisdiction exists under 28 U.S.C. §1332 (a) as this controversy is between citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

7. Original jurisdiction also exists under 28 U.S.C. § 2310(d) for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, and supplemental jurisdiction under 28 U.S.C. §1367 for all other claims. There are at least 100 members of each proposed class who can be named, the amount of each claim is at least $25.00 and the total amount in controversy exceeds $50,000.

8. The Court has personal jurisdiction over the Defendant because it transacts business in the Commonwealth of Virginia, including advertising the sale of products and contracting to sell products in the Commonwealth of Virginia from stores located in the Commonwealth of Virginia.

9. Venue is proper in this District and Division under 28 U.S.C. § 1391(a), (b) and (c) and Local Rule 3(C) because a substantial part of the events giving rise to these claims occurred within the Richmond Division of the Eastern District of Virginia.

### III. PARTIES

10. Plaintiff Christopher L. Early is a resident of Henrico County, Virginia, within the Richmond Division of the Eastern District of Virginia.

11. Defendant Best Buy is a Minnesota corporation with its principal place of business located at 7601 Penn Avenue, South, Richfield, Minnesota 55423. According to its website, Best Buy has more than 1,400 stores and locations within the United States and more than 70 percent of the population of the United States lives within 15 miles of a Best Buy store www.corporate.bestbuy.com. Best Buy is a merchant who is in the business of selling Electrolux Model EL 4071A vacuum cleaners for a profit.

## IV. FACTUAL BACKGROUND

12. Best Buy sells various models of Electrolux vacuum cleaners, including Model EL4071A, online and from its stores throughout the United States. Best Buy advertises and promotes the features and specifications of vacuum cleaners it sells to the public, including that this particular model is equipped with a HEPA filtration system and that there are advantages of having a HEPA filter in a vacuum cleaner.

13. On or about June 15, 2015, Plaintiff, who has experienced severe allergies and asthma since childhood and lives with his parents, decided to purchase a vacuum cleaner with a HEPA filtration system as a Father's Day gift. Due to his years of treatments for allergies, Plaintiff knew from his physicians that a vacuum cleaner with a HEPA filtration system would be the best type of vacuum cleaner for his health and the health of his father who also suffers from severe allergies.

14. As a part of his search for a vacuum cleaner with a HEPA filtration system, Plaintiff read a Best Buy on-line advertisement for the Electrolux Model EL4071A vacuum cleaner, SKU: 5771574. The webpage for this particular vacuum read: "Electrolux Access T8 HEPA Bagless Canister Vacuum Multi EL4071A" in two places. Under the heading "Product Features," the advertisement read, in bold type, "**HEPA filter for a healthy home.**" Immediately under "**HEPA filter for a healthy home**" appeared the phrase "Traps dust, pet dander and pollen, preventing it from escaping back into the air." Under the heading "Specifications" were the words "Filter Type HEPA media." Each of the foregoing statements by Best Buy was an affirmation of fact, promise or description of the Electrolux Model EL4071A vacuum cleaner that was false when made and became a part of the basis of the bargain between Plaintiff and Best Buy for the Electrolux Model EL4071A vacuum cleaner

5

sold to him by Best Buy. A copy of the advertisement is attached as <u>Exhibit 1</u> and incorporated by reference.

15. On June 17, 2015, in reliance on the accuracy of the Best Buy on-line advertisement for the Electrolux Model EL4071A vacuum cleaner, SKU: 5771574, Plaintiff went to a Best Buy store in Glen Allen, Virginia and purchased an Electrolux Model EL4071A vacuum cleaner, SKU: 5771574, Serial No. EC331508001862, (the "Vacuum Cleaner") for the total sum of $189.53. Plaintiff made this purchase because the Vacuum Cleaner was described by Best Buy as being equipped with a HEPA filter. Each of the foregoing statements by Best Buy about the Vacuum Cleaner was an affirmation of fact or description of the Vacuum Cleaner that was false when made, was a representation as to what Best Buy agreed to sell to Plaintiff and became a part of the basis of the bargain between Plaintiff and Best Buy with respect to the sale to Plaintiff of the Vacuum Cleaner.

16. Plaintiff gave the Vacuum Cleaner to his father and used it a couple of times before deciding to determine how often the HEPA filter should be replaced. After failing to find any reference to a HEPA filter in the Electrolux manual that came with the Vacuum Cleaner, Plaintiff visited the Best Buy website where he discovered a customer review complaining that the Electrolux Model EL4071A vacuum cleaner did not come equipped with a HEPA filter. On June 18, 2015, Plaintiff returned to the Best Buy store where he had purchased the Vacuum Cleaner to get a "price match" and found in-store signage advertising the Electrolux Model EL4071A vacuum cleaner as being equipped with a HEPA filter. A copy of the in-store signage is attached as <u>Exhibit 2</u> and incorporated by reference.

17. After leaving the Best Buy store, Plaintiff contacted Electrolux, the manufacturer of the Vacuum Cleaner, to ask whether the Vacuum Cleaner was, in fact, equipped

with a HEPA filter. On June 18, 2015, Electrolux confirmed that Electrolux Model EL4071A was equipped with "an allergen filter rather than a HEPA filter." In addition, Electrolux informed Plaintiff that that this particular vacuum model "is not generally recommended for our customers that have allergy or asthma issues."

18. Plaintiff later visited Best Buy's website, at which time he discovered that advertisements and product specifications for the Electrolux Model EL4071A vacuum cleaner no longer included any reference to the term "HEPA." Instead, Best Buy referred to the filter type on such vacuums as "Allergen." A copy of the advertisement is attached as <u>Exhibit 3</u> and incorporated by reference. Best Buy, therefore, has acknowledged its prior advertisements for the Electrolux Model EL4071A vacuum cleaner were literally false. Notwithstanding the change in its advertising of the Electrolux Model EL4071A vacuum cleaner, Best Buy has not contacted the Plaintiff to inform him that the Vacuum Cleaner does not contain a HEPA filter.

19. On July 8, 2015, Plaintiff returned to the Best Buy store where he purchased the Vacuum Cleaner and was approached by a Best Buy Sales Team Leader. Plaintiff advised him he had purchased the Vacuum Cleaner because it was advertised as having a HEPA filter. The Sales Team Leader responded by saying the Vacuum Cleaner had a two-stage HEPA filtration system. Plaintiff and the Sales Team Leader then used a computer at the store to confirm that the Vacuum Cleaner was no longer being advertised by Best Buy on its website as being equipped with a HEPA filter and that the Electrolux website showed that this model did not have a HEPA filter.

20. Plaintiff provided timely written notice to Best Buy on August 27, 2015, that it was in breach of express and implied warranties regarding the sale of the Vacuum Cleaner

because of its false representations that it was equipped with a HEPA filter and the Vacuum Cleaner will not perform to the same standard as if it was equipped with a HEPA filter.

21. When Plaintiff and other consumers use Electrolux Model EL4071A vacuums in their homes or workplace, millions, and sometimes tens of millions, of allergens such as dust particles are picked up by the vacuum, pass through or around the vacuum's air filtration system and are circulated back into the air while the vacuum is operating, where they are breathed by the consumers, residents of, and visitors to, the consumers' homes or workplaces.

22. Best Buy's massive campaign to deceive U.S. consumers concerning the supposed health benefits of the Electrolux Model EL4071A vacuum cleaner have caused harm to the Plaintiff and the members of the proposed classes and will continue to do so as long as Best Buy continues to make such representations and fails to notify its customers of its false representations. Best Buy's false statements that these Electrolux vacuums provide HEPA-level air filtration performance which greatly improves indoor air quality of consumers' homes is utterly refuted by Best Buy's deletion of any reference to HEPA filtration in describing the vacuums on its website and the manufacturer's statement that the vacuums are *"not generally recommended for our customers that have allergy or asthma issues."*

23. The principals, officers, directors, employees, agents and/or other representatives of Best Buy committed, knew of, performed, authorized, ratified and/or directed the misconduct of Best Buy described herein in the scope of their respective duties.

## V. CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and on behalf of the following nationwide class of other similarly situated persons in the United States, including all of its

territories and other political subdivisions (the "Class"), reserving the right to amend or add class definitions based on additional information gained through investigation and discovery:

> All natural persons residing in the United States, including all of its territories and other political subdivisions, who purchased an Electrolux vacuum cleaner, Model EL4071A, from Best Buy within the applicable limitations period, including the period following the filing date of this action.

25. Plaintiff brings this action on behalf of himself and on behalf of the following subclass of other similarly situated persons in the Commonwealth of Virginia (the "Subclass"), reserving the right to amend or add subclass definitions based on additional information gained through investigation and discovery:

> All natural persons residing in the Commonwealth of Virginia who purchased an Electrolux vacuum cleaner, Model EL4071A, from Best Buy within the applicable limitations period, including the period following the filing date of this action.

26. Excluded from the Class and Subclass are Defendant, Defendant's subsidiaries, affiliates, officers, directors, assigns and successors; any entity in which Defendant has a controlling interest; and anyone who purchased the Electrolux Model EL4071A from Best Buy for resale.

27. **Numerosity**: The members of the proposed classes are so numerous that joinder of all members is impractical. The names and addresses of members of the classes are identifiable through documents maintained by Best Buy and members of the proposed classes may be notified of the pendency of this action by published and/or mailed notice.

28. **Commonality**: Common questions of law and fact exist as to all members of the proposed classes. These common questions predominate over any questions affecting only individual class members. These common legal and factual questions include, but are not limited to, the following:

- Whether Defendant engaged in false or misleading advertising of the features of the Electrolux Model EL4071A vacuum cleaner it sold;

- Whether Defendant's conduct as alleged herein violates the Virginia Consumer Protection Act and/or other States' unfair trade practices acts;

- Whether Defendant's claims regarding Electrolux Model EL4071A vacuum cleaner are false, deceptive or misleading;

- Whether Defendant's conduct as alleged herein constitutes a breach of express warranty;

- Whether Defendant's conduct as alleged herein constitutes a breach of an implied warranty of merchantability;

- Whether Defendant's conduct as alleged herein constitutes unjust enrichment;

- Whether Plaintiff and other Class members have sustained monetary loss and the proper measure of that loss; and

- Whether Plaintiff and other Class members are entitled to declaratory and injunctive relief.

- Whether Plaintiff and other Class members are entitled to recover punitive damages.

These and other questions of law or fact which are common to the members of the proposed classes and predominate over any questions affecting only individual members of the classes.

29. **Typicality:** Plaintiff's claims are typical of the claims of the members of the classes, as all class members are similarly affected by Defendant's wrongful conduct. Plaintiff, like other members of the classes, purchased an Electrolux Model EL4071A vacuum cleaner

after exposure to the same false statements in Defendant's marketing and advertising, and received a product that was not as represented. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the classes.

30. **Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of the other members of the classes. Plaintiff has no interests antagonistic to the interests of the other members of the proposed classes and is subject to no unique defenses.

31. Plaintiff is similarly situated in interest to all members of the proposed classes and is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative of the proposed classes and will fairly and adequately protect the interests of the proposed classes.

32. This action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed classes individually to redress effectively the wrongs done to them. Even if the members of the proposed classes could afford such litigation, so many cases would be an undue burden on the court system. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the

class action device presents no management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### Breach of Express Warranty

33. Plaintiff alleges each and every allegation contained in the preceding paragraphs 1 through 32 as if set forth herein in their entirety.

34. Plaintiff and each member of the proposed classes purchased from Best Buy an Electrolux Model EL4071A vacuum cleaner based on an affirmation of fact, a description of the product or promise by Best Buy that each Electrolux Model EL4071A vacuum cleaner was equipped with a HEPA filter as represented by Best Buy. In particular, Best Buy made a written affirmation or promise that the Electrolux Model EL4071A vacuum cleaner had a HEPA filter that "Traps dust, pet dander and pollen, preventing it from escaping back into the air," thereby representing that the vacuum cleaner met the standard of a vacuum filter with a HEPA filter for trapping or containing in the filter, pet dander and pollen of more than 0.3 microns in size and preventing such particles from escaping back into the atmosphere.

35. Best Buy breached its express warranties because the Electrolux Model EL4071A vacuum cleaners advertised to, sold, and purchased by the members of the proposed classes were not, in fact, equipped with a HEPA filter and the filtration system sold to Plaintiff and the other members of the proposed classes and the vacuum cleaner was equipped with a filter that does not, and cannot, perform to the standard of a HEPA filter as represented by Best Buy.

36. In addition, or in the alternative, Best Buy made the foregoing false representations to induce Plaintiff and the other members of the proposed classes to rely on these

representations as a material factor in purchasing an Electrolux Model EL4071A vacuum cleaner from Best Buy.

37. At all times relevant to this action, Best Buy made the foregoing false representations in violation of various state express warranty laws, including those set forth in Appendix 1 to this Complaint.

38. To the extent required by any state law, each member of the proposed classes was in privity with Best Buy.

39. As a result of Best Buy's breach of express warranties, the proposed class members have been damaged in the amount of the difference between the value of the Electrolux Model EL4071A vacuum cleaner when purchased and the value of the vacuum cleaner if it had been equipped with a HEPA filtration system when purchased.

## COUNT II
## Breach of Implied Warranty of Merchantability

40. Plaintiff alleges each and every factual allegation contained in the preceding paragraphs 1 through 39 as if set forth herein in their entirety.

41. Best Buy holds itself out as a company that regularly deals in the sale of the Electrolux Model EL4071A vacuum cleaners to consumers and holds itself out as having knowledge of such goods. Best Buy contracted to sell Plaintiff an Electrolux Model EL4071A vacuum cleaner to Plaintiff with an allergen filter after representing it was equipped with a HEPA filter in breach of its implied warranty of merchantability. The allergen filter in the Electrolux Model EL4071A vacuum cleaner Plaintiff purchased from Best Buy does not have the same efficiency in removing particles from the air as the HEPA filter warranted to be in the vacuum cleaner. The Electrolux Model EL4071A vacuum cleaner Plaintiff purchased from Best Buy does not pass without objection under the description in the contract for sale; it is not the

same fair average quality of the vacuum cleaner described by Best Buy; nor is it fit for the ordinary purposes for which such goods with a HEPA filter are used.

42. At all times relevant to this action, Best Buy made the foregoing representations in violation of various state implied warranty of merchantability laws, including those set forth in Appendix 2 to this Complaint.

43. As a result of Best Buy's breach of implied warranty of merchantability, the proposed class members have been damaged in the amount of the difference between the value of the Electrolux Model EL4071A vacuum cleaner when purchased and the value of the vacuum cleaner if it had been equipped with a HEPA filtration system when purchased.

## COUNT III
### Violation of the Magnuson-Moss Warranty Act

44. Plaintiff alleges each and every factual allegation contained in the preceding paragraphs 1 through 43 as if set forth herein in their entirety.

45. Best Buy is a "supplier" and "warrantor" as those terms are defined in 15 U.S.C. § 2301(4) & (5).

46. Plaintiff and each member of the classes is a "consumer" as that term is defined in 15 U.S.C. § 2301(3).

47. The Electrolux Model EL4071A vacuum cleaner is a "consumer product" as that term is defined in 15 U.S.C. § 2301(1).

48. Best Buy has breached the implied warranty of merchantability as described in Count II above.

49. As a result of Best Buy's breach of implied warranty of merchantability, the proposed class members have been damaged in the amount of the difference between the value of the Electrolux Model EL4071A vacuum cleaner when purchased and the value of the vacuum

cleaner if it had been equipped with a HEPA filtration system when purchased. Such damages exceed the sum of $25 for each class member.

50. Best Buy has breached the express warranties as described in Count I above.

51. As a result of Best Buy's breach of express warranties, the proposed class members have been damaged in the amount of the difference between the value of the Electrolux Model EL4071A vacuum cleaner when purchased and the value of the vacuum cleaner if it had been equipped with a HEPA filtration system when purchased. Such damages exceed the sum of $25 for each class member.

## COUNT IV
### Unjust Enrichment

52. Plaintiff alleges each and every factual allegation contained in the preceding paragraphs 1 through 51 as if set forth herein in their entirety.

53. This is a claim for relief under the laws of the various states of the United States and the District of Columbia, each of which recognize a claim for unjust enrichment based on common elements.

54. Plaintiff and each proposed class member conferred a tangible benefit on Best Buy in purchasing an Electrolux Model EL4071A vacuum cleaner.

55. Best Buy has profited as a result of the illegal false advertising and misrepresentations made about the Electrolux Model EL4071A vacuum cleaner that resulted in sales of the vacuum cleaner to the proposed class members and thereby, has unjustly enriched itself at the expense of Plaintiff and each proposed class member.

56. Best Buy's retention of the proceeds of the sales of such vacuum cleaners would be inequitable under the circumstances.

57. As a result of the conduct of Best Buy, the proposed class members seek restitution and the disgorgement of all profits and other compensation obtained by Best Buy from its inequitable conduct.

### COUNT V
### Violation of the Virginia Consumer Protection Act and Consumer Protection Laws of Various States

58. Plaintiff alleges each and every factual allegation contained in the preceding paragraphs 1 through 57, as if set forth herein in their entirety.

59. This is a claim for relief under the Virginia Consumer Protection Act, Va. Code §59.1-196 *et seq.*, and various consumer protection or unfair and deceptive practices acts of various states, including those set forth in Appendix 3 to this Complaint.

60. Best Buy acted as a supplier within the meaning of Va. Code §59.1-198 who advertised, offered for sale and sold the Electrolux Model EL4071A vacuum cleaner to Plaintiff and other class members for use primarily for personal, family or household purposes.

61. The aforesaid representations of Best Buy with respect to the Electrolux Model EL4071A vacuum cleaner misrepresented the characteristics, uses or benefits of the product in violation of Va. Code §59.1-200(A)(5).5.

62. The aforesaid representations of Best Buy with respect to the Electrolux Model EL4071A vacuum cleaner misrepresented that the vacuum cleaner was of a particular standard, model or quality in violation of Va. Code § 59.1-200(A)(6).

63. Best Buy's aforesaid advertisements that it offered for sale an Electrolux Model EL4071A vacuum cleaner with a HEPA filter was done with the intent not to sell it upon the terms advertised in violation of Va. Code § 59.1-200(A)(8).

64.     Best Buy falsely and deceptively advertised the Electrolux Model EL4071A vacuum cleaner as containing a HEPA filter when, in fact, it did not. Best Buy misrepresented the features of the vacuum cleaners sold to members of the proposed class, and such conduct constitutes unconscionable, unfair, and deceptive acts in the conduct of trade and commerce; is immoral, unethical, oppressive or unscrupulous; and caused actual damages to consumers, including the Plaintiff and other class members who purchased an Electrolux Model EL4071A vacuum cleaner from Best Buy.

65.     As a direct and proximate result of Best Buy's fraudulent, deceptive, and unfair practices, all of which violated the foregoing consumer protection laws, Plaintiff and the class members have suffered injury in fact and/or actual damages, and are entitled to recover these damages in addition to their costs, and attorney's fees.

## COUNT VI
### False Advertising in Violation of Va. Code §§ 18.2-216 & 59.1-68.3

66.     Plaintiff alleges each and every factual allegation contained in the preceding paragraphs 1 through 65, as if set forth herein in their entirety.

67.     This is a claim for relief on behalf of the Plaintiff and the proposed subclass for Best Buy's advertisement of the Electrolux Model EL4071A vacuum cleaner with statements containing a promise, assertion, representation or statement of fact that is untrue, deceptive or misleading.

68.     Each advertisement by Best Buy of the Electrolux Model EL4071A vacuum cleaner contained statements including a promise, assertion, representation or statement of fact that is untrue, deceptive or misleading, in violation of Va. Code §18.2-216.

69. The Plaintiff and all other members of the subclass suffered a loss as a result of Best Buy's violation of Va. Code § 18.2-216 and are entitled to recover actual damages or $100, whichever is greater, for each violation and reasonable attorney's fees.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the classes defined herein, prays for judgment as follows:

a. Certification of the class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the classes and his counsel as class counsel;

b. An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the classes and to restore to the Plaintiff and members of the classes all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition or false advertising.

c. Distribution of any moneys recovered on behalf of members of the classes via a *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

d. Compensatory and other damages for economic and non-economic damages identified herein, including all damages allowed by governing statutes;

e. Punitive damages;

f. Reasonable attorneys' fees as may be allowable under applicable law;

g. Statutory pre-judgment and post-judgment interest on any amounts awarded;

h. Costs of this suit; and

i. Such other relief as the Court may deem just and proper.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated: *Sept. 11, 2015*

Respectfully submitted,

CHRISTOPHER L. EARLY

By: *[signature]*
By Counsel

Turner A. Broughton, Esq.
Robert D. Perrow, Esq.
Brendan D. O'Toole, Esq.
WILLIAMS MULLEN
200 South 10th Street, 16th Floor
Richmond, VA 23219
Phone: (804) 420-6000
tbroughton@williamsmullen.com
bperrow@williamsmullen.com
botoole@williamsmullen.com

28710995_1.docx